IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARLA GREEN and MICHAEL GREEN,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| vs. | )   CIVIL NO. 08-472-GPM |
| | ) |
| **GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.,** | ) |
| | ) |
|     **Defendant/Counterclaim Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **MICHAEL GREEN,** | ) |
| | ) |
|     **Counterclaim Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case arises out of an accident involving an allegedly defective tire manufactured by Defendant/Counterclaim Plaintiff Goodyear Dunlop Tires North America, Ltd. ("Goodyear"). On July 27, 2007, while Plaintiff/Counterclaim Defendant Michael Green was driving a motorcycle on Interstate 70 in Missouri, with Plaintiff Darla Green, Mr. Green's wife, riding on the motorcycle as a passenger, the motorcycle's rear tire, which was manufactured by Goodyear, blew out, causing a crash in which Mr. and Mrs. Green suffered personal injuries. At the time that the accident occurred Mrs. Green, who suffered a traumatic brain injury as a result of the crash, was wearing a plastic "novelty" helmet that had not been approved by the United States Department of Transportation ("DOT"). Mrs. Green, who asserts claims for strict products liability, negligence, and

loss of consortium against Goodyear, has moved to exclude in limine before trial any argument or evidence that her failure to wear a DOT-approved helmet is contributory fault. Mrs. Green's motion in limine has been fully briefed, and the Court rules as follows.

## II. ANALYSIS

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence provide expressly for the exclusion of evidence in limine before trial, "[i]n general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 WL 757863, at *1 (N.D. Ill. Nov. 24, 1997) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). The party seeking the exclusion of evidence in limine bears the burden of showing the propriety of such exclusion. *See Capuano v. Consolidated Graphics, Inc.*, Civil Action No. 06 C 5924, 2007 WL 2688421, at *1 (N.D. Ill. Sept. 7, 2007). Decisions regarding the exclusion of evidence in limine, like decisions about the admissibility of evidence generally, are committed to a court's sound discretion. *See Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)). Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, "if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context." *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003).

Resolution of Mrs. Green's motion in limine requires the Court first to determine whether the substantive law in this case is supplied by Illinois or Missouri. A federal court sitting in diversity jurisdiction, as here, must apply the choice-of-law rules of the state where it sits to

determine the substantive law applicable to a case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Hinc v. Lime-O-Sol*, 382 F.3d 716, 719 (7th Cir. 2004); *French v. Beatrice Foods Co.*, 854 F.2d 964, 966 (7th Cir. 1988). With respect to tort claims, Illinois follows the most significant relationship test set out in the Restatement (Second) of Conflicts of Law (1971). *See In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979*, 644 F.2d 594, 611 (7th Cir. 1981); *Ruiz v. Weiler & Co.*, 860 F. Supp. 602, 604 (N.D. Ill. 1994). Under this test, the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties. *See Forty-Eight Insulations, Inc. v. Johns-Manville Prods. Corp.*, 472 F. Supp. 385, 391 (N.D. Ill. 1979) (citing *Ingersoll v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970)). When applying this test the court considers: (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. *See Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 916 (7th Cir. 2006); *Dr. Franklin Perkins Sch. v. Freeman*, 741 F.2d 1503, 1520 n.23 (7th Cir. 1984). The Illinois courts also consider "the interests and public policies of potentially concerned states . . . as they relate to the transaction in issue." *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998) (quoting *Jones v. State Farm Mut. Auto. Ins. Co.*, 682 N.E.2d 238, 249 (Ill. App. Ct. 1997)). Finally, under Illinois law there is "a presumption that the local law of the state where the injury occurred governs the rights and liabilities of the parties unless another state has a 'more significant relationship' to the occurrence or parties involved." *Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526 (7th Cir. 1981) (quoting *Ingersoll*, 262 N.E.2d at 595). *See also Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341 (N.D. Ill. 1995).

Having weighed the relevant factors, the Court concludes that Missouri has the most significant relationship to this case, not Illinois. The only contact that Illinois has with this controversy is the fact that Mrs. Green and her husband are domiciled here. Conversely, Missouri is the place where the injury occurred and therefore its law, as discussed, presumptively applies in this case. The place of the injury-causing conduct, that is, the allegedly defective design and manufacture of the Goodyear tire involved in the accident giving rise to this case, is not entirely clear from the record (possibly it occurred at Goodyear's plant in Buffalo, New York). *See Big Rivers Elec. Corp. v. General Elec. Co.*, 820 F. Supp. 1123, 1125 (S.D. Ind. 1992) (finding that in a case based on an allegedly defective product, the place where the conduct causing the injury occurred was the place where the product was manufactured, installed, or serviced). In any event, the place of the injury-causing conduct is not Illinois. The relationship between Mr. and Mrs. Green, on the one hand, and Goodyear, on the other, is centered in Missouri, because Missouri is the place where Goodyear allegedly assumed tort liability to Mr. and Mrs. Green. *See Ness v. Ford Motor Co.*, No. 89 C 689, 1993 WL 996164, at *3 (N.D. Ill. July 20, 1993) (in a products liability action arising from an accident that occurred in Iowa, stating that "[t]he only 'relationship' between the parties here is that of injured victim and alleged tortfeasor, a relationship that unexpectedly arose in Iowa."). Finally, Missouri has an interest in deterring and punishing tortious conduct that causes injury within its boundaries and in compensating parties injured there that is at least as strong as the interest of Illinois in protecting its residents. *See Kaczmarek v. Allied Chem. Corp.*, Civ. Nos. H 81-161, H 81-428, 1986 WL 5670, at *8 (N.D. Ind. Feb. 11, 1986) (in a case arising from an injury to an Illinois resident that occurred in Indiana, finding that Indiana had the most significant relationship to the case in light of both the presumption in favor of the law of the place

of the injury and Indiana's interest in injuries that occur there, particularly injuries caused by alleged contributory negligence in the state). Where the balance of factors shows that Missouri, rather than Illinois, has the most significant relationship to this case, the Court concludes that Missouri law furnishes the rule of decision in this case.

To establish a prima facie case of negligence under Missouri law, the plaintiff must show: the defendant had a legal duty to conform to a particular standard of conduct to protect others against unreasonable risks; the defendant breached this duty of care; a proximate cause existed between the defendant's conduct and the resulting injury; and actual damage to the plaintiff's person or property resulted. *See Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 431 (Mo. 1985); *First Nat'l Bank of Sikeston v. Goodnight*, 721 S.W.2d 122, 125 (Mo. Ct. App. 1986). To establish a prima facie case under Missouri law for strict products liability premised on a product defect, the plaintiff must prove the following four elements: the defendant sold the product in the course of the defendant's business; the product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use; the product was used in a manner reasonably anticipated; and the plaintiff was damaged as a direct result of the defective condition that existed when the product was sold. *See Keener v. Dayton Elec. Mfg. Co.*, 445 S.W.2d 362, 364 (Mo. 1969); *Haffey v. Generac Portable Prods., L.L.C.*, 171 S.W.3d 805, 809 n.2 (Mo. Ct. App. 2005). *See also* Mo. Ann. Stat. § 537.760. Missouri law recognizes the doctrine of comparative fault in both negligence and products liability cases. Under Missouri law, a "[d]efendant may plead and prove the fault of the plaintiff as an affirmative defense. Any fault chargeable to the plaintiff shall diminish proportionately the amount awarded as compensatory damages but shall not bar recovery." Mo. Ann. Stat. § 537.765.2. *See also Egelhoff v. Holt*, 875

S.W.2d 543, 547 (Mo. 1994); *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 97 (Mo. Ct. App. 2006)   "[F]ault" for purposes of the Missouri statute governing contributory negligence means:

> (1) The failure to use the product as reasonably anticipated by the manufacturer;
> (2) Use of the product for a purpose not intended by the manufacturer;
> (3) Use of the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger;
> (4) Unreasonable failure to appreciate the danger involved in use of the product or the consequences thereof and the unreasonable exposure to said danger;
> (5) The failure to undertake the precautions a reasonably careful user of the product would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances; or
> (6) The failure to mitigate damages.

Mo. Ann. Stat. § 537.765.3.  *See also Morrison v. Kubota Tractor Corp.*, 891 S.W.2d 422, 431-32 (Mo. Ct. App. 1994) (in a products liability action arising from an accident in which a tractor rolled over, holding that the jury was properly instructed on comparative fault based on the plaintiff's decision not to equip the tractor with a roll-over protection system).  Importantly, in Missouri "[t]he doctrine of pure comparative fault . . . appl[ies] to products liability claims[.]"  *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 441 (Mo. 2002) (quoting Mo. Ann. Stat. § 537.765.1). Under Missouri law, motorcyclists have a statutory duty to wear adequate headgear for safety, and a failure to do so is evidence of comparative fault.  *See* Mo. Ann. Stat. § 301.010(36); Mo. Ann. Stat. § 302.020.2; *Burrell v. O'Reilly Auto., Inc.*, 175 S.W.3d 642, 651-55 (Mo. Ct. App. 2005).  In this instance, then, Goodyear has a right to present evidence and argument at trial that Darla Green's failure to wear a DOT-approved helmet at the time of the accident giving rise to this case constitutes contributory fault on Mrs. Green's part.  Accordingly, Mrs. Green's motion in limine to exclude such evidence will be denied.

### III. CONCLUSION

Darla Green's motion in limine (Doc. 96), to the extent it requests the exclusion of evidence and argument that the fact that Mrs. Green was not wearing a DOT-approved helmet at the time of the accident giving rise to this case is proof of contributory fault, is **DENIED**.

**IT IS SO ORDERED.**

DATED:  March 2, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge