IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARLA GREEN and MICHAEL GREEN, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) CIVIL NO. 08-472-GPM |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | ) ) ) ) |
| Defendant/Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| MICHAEL GREEN, | ) ) |
| Counterclaim Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This case arises out of an accident involving an allegedly defective tire manufactured by Defendant/Counterclaim Plaintiff Goodyear Dunlop Tires North America, Ltd. ("Goodyear"). On July 27, 2007, while Plaintiff/Counterclaim Defendant Michael Green was driving a motorcycle on Interstate 70 in Missouri, with Plaintiff Darla Green, Mr. Green's wife, riding on the motorcycle as a passenger, the motorcycle's rear tire, which was manufactured by Goodyear, blew out, causing a crash in which both Mr. and Mrs. Green suffered personal injuries. Mrs. Green has filed a motion (Doc. 96) to exclude in limine various categories of evidence and argument at trial in this case. The motion has been fully briefed by the parties, and the Court now rules as follows.

## II. ANALYSIS

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence provide expressly for the exclusion of evidence in limine before trial, "[i]n general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 WL 757863, at *1 (N.D. Ill. Nov. 24, 1997) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). The party seeking the exclusion of evidence in limine bears the burden of showing the propriety of such exclusion. *See Capuano v. Consolidated Graphics, Inc.*, Civil Action No. 06 C 5924, 2007 WL 2688421, at *1 (N.D. Ill. Sept. 7, 2007). Decisions regarding the exclusion of evidence in limine are committed to a court's sound discretion. *See Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)). Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, "if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context." *Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at *3 (S.D. Ill. Nov. 14, 2007) (quoting *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003)).

The instant motion in limine presents seven topics for the Court's consideration. Specifically, in the motion Mrs. Green asks the Court: (1) to exclude all witnesses from the trial in this matter, with the exception of a party or an officer or employee of a party designated as its representative by its attorney pursuant to Rule 615 of the Federal Rules of Evidence; (2) to exclude evidence of any prior injuries sustained by Mrs. Green, any prior medical conditions of Mrs. Green,

or any medical care prior to the incident which is the subject matter of this lawsuit, including, but not limited to Grave's Disease, complaints of pain in the left shoulder, or complaints of pain in the neck and/or back; (3) to exclude any evidence, reference, inference, or argument concerning the amount actually paid to satisfy Mrs. Green's medical bills and/or that the amount paid to satisfy the medical bills is different than the amount of the medical bills themselves; (4) to exclude evidence that Mrs. Green may receive or is entitled to receive future free medical care at either governmental or charitable expense; (5) to exclude evidence that any other individual or entity not a party to this lawsuit caused or contributed to cause the injuries of Mrs. Green that are the subject matter of this lawsuit; (6) to exclude testimony with regard to the head impact speed of Mrs. Green during the incident which is the subject matter of this lawsuit based upon the opinions of Goodyear's expert, David Thom; and (7) to exclude any testimony or opinions of Mr. Thom that Mrs. Green would have experienced a less serious head injury in this case had she been wearing a helmet approved by the United States Department of Transportation ("DOT").[1]

---

1. Mrs. Green's motion in limine also asks the Court to exclude at trial evidence that Mrs. Green failed to mitigate her damages and evidence that Mrs. Green was contributorily negligent for failing to wear a DOT-approved helmet, or that an DOT-approved helmet would have reduced the extent of the traumatic brain injury that Mrs. Green suffered as a result of the accident giving rise to this case. Both of these in limine requests go, of course, to the issue of whether Mrs. Green's damages should be reduced because at the time of the accident giving rise to this case she was wearing inadequate safety headgear. The Court has held in a separate order that evidence concerning the headgear Mrs. Green was wearing at the time of the accident is relevant to the issue of comparative fault, and therefore the Court will not revisit the issue in this Order. The Court does note, however, that to the extent Mrs. Green suggests in the instant motion that evidence concerning Mrs. Green's contributory fault in wearing inadequate safety headgear should be excluded at trial because the matter of her fault was not properly raised as an affirmative defense, the Court does not agree. Goodyear's affirmative defenses plainly assert contributory fault on the part of Mrs. Green and, in any event, it is apparent from the record that the issue of Mrs. Green's helmet has been sharply in dispute throughout the pendency of this litigation, so that Mrs. Green cannot pretend to be surprised or prejudiced because Goodyear seeks to introduce evidence at trial about the adequacy of the helmet Mrs. Green was wearing at the time of her accident.

The Court turns first to those of Mrs. Green's requests to exclude evidence in limine that can be disposed of relatively easily by agreement of the parties or because the in limine requests have been addressed by separate orders of the Court. With respect to Mrs. Green's first in limine request, which invokes the rule of sequestration of witnesses codified in Rule 615 of the Federal Rules of Evidence, Goodyear does not object to this request, and therefore it will be granted. With respect to Mrs. Green's sixth request to exclude evidence in limine, the Court has held in a separate order that the opinions of Goodyear's expert witness David Thom concerning the velocity at which Mrs. Green's head struck the ground during the accident giving rise to this case are admissible expert testimony under Rule 702 of the Federal Rules of Evidence, and Mrs. Green's sixth in limine request will be denied. Concerning Mrs. Green's seventh request to exclude evidence in limine the Court already has held in a prior order in this case that Mr. Thom is not qualified to pronounce on the relative severity of Mrs. Green's traumatic brain injury, and therefore Mrs. Green's seventh in limine request will be denied as moot.

Turning then to Mrs. Green's remaining requests to exclude evidence in limine, with respect to Mrs. Green's second in limine request to exclude evidence of her medical condition prior to the accident giving rise to this case, it is not clear to the Court at this juncture that the subject evidence is irrelevant and inadmissible at trial for any purpose. Accordingly, the Court prefers to address issues about the relevance of such evidence in the course of the trial in this case and Mrs. Green's second in limine request will be denied. As to Mrs. Green's third request to exclude evidence in limine, this request asks the Court in essence to enforce the common-law collateral source rule. Under Missouri law, which the Court held recently in a separate order furnishes the rule of decision in this case, "a wrongdoer is not entitled to have the damages to which he is liable reduced by

proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of [the wrongdoer.]" *Collier v. Roth*, 434 S.W.2d 502, 506-07 (Mo. 1968). Mrs. Green's third in limine request clearly is due to be denied in light of Missouri's statutory modification of the collateral source rule, which provides, in relevant part:

> (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
> (a) The medical bills incurred by a party;
> (b) The amount actually paid for medical treatment rendered to a party;
> (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

Mo. Ann. Stat. § 490.715.5. *See also Henke v. Gajewski*, No. 4:07CV1209 HEA, 2008 WL 2783226, at *1 (E.D. Mo. July 15, 2008).

With respect to Mrs. Green's fourth request to exclude evidence in limine, which, as noted, concerns evidence of free medical benefits Mrs. Green may receive in the future, it is unclear at this time precisely what future free medical benefits are at issue and therefore the Court prefers not to rule on the admissibility of evidence about such benefits at this time. The Court does desire to make it clear to Goodyear's counsel that, in the Court's view, Medicare and Medicaid are collateral sources under Missouri law. *See Washington v. Barnes Hosp.*, 897 S.W.2d 611, 619-20 (Mo. 1995); *Porter v. Toys 'R' Us-Delaware, Inc.*, 152 S.W.3d 310, 319-20 (Mo. Ct. App. 2004); *Cornelius v. Gipe*, 625 S.W.2d 880, 882 (Mo. Ct. App. 1981). With that caveat, however, Mrs. Green's fourth request to exclude evidence in limine will be denied. Finally, as to Mrs. Green's fifth request to

exclude evidence in limine, at this juncture the Court cannot determine what evidence concerning individuals or entities that are not parties to this lawsuit is at issue or what the potential relevance of such evidence might be, and therefore the Court will deny Mrs. Green's fifth request to exclude evidence in limine. The Court concludes that all but one of Mrs. Green's requests to exclude evidence and argument in limine are due to be denied.

### III. Conclusion

Darla Green's motion in limine (Doc. 96) is **GRANTED in part** and **DENIED in part**. Mrs. Green's first request to exclude evidence in limine is **GRANTED**. Mrs. Green's second, third, fourth, fifth, and sixth requests to exclude evidence in limine are **DENIED**. Mrs. Green's seventh request to exclude evidence in limine is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: March 2, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge