IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARLA GREEN and MICHAEL GREEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-472-GPM |
| | ) |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL GREEN, | ) |
| | ) |
| Counterclaim Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This case arises out of an accident involving an allegedly defective tire manufactured by Defendant/Counterclaim Plaintiff Goodyear Dunlop Tires North America, Ltd. ("Goodyear"). On July 27, 2007, while Plaintiff/Counterclaim Defendant Michael Green was driving a motorcycle on Interstate 70 in Missouri, with Plaintiff Darla Green, Mr. Green's wife, riding on the motorcycle as a passenger, the motorcycle's rear tire, which was manufactured by Goodyear, blew out, causing a crash in which both Mr. and Mrs. Green were injured. Mr. and Mrs. Green assert claims against Goodyear for strict products liability and negligence based on a manufacturing defect and a design defect in the Goodyear tire with which Mr. Green's motorcycle was equipped at the time of the accident. Currently this matter is before the Court on a motion by Goodyear to exclude certain

testimony of Gary Derian, a mechanical engineer retained as an expert witness by Mrs. Green, regarding a design defect in the Goodyear tire at issue in this case and possibly a failure to warn by Goodyear (Doc. 94). The motion has been fully briefed, and the Court rules as follows.

## II. ANALYSIS

In federal court the admissibility of expert testimony in evidence is governed, of course, by the Federal Rules of Evidence, which provide:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 obligates courts to act as gatekeepers with respect to expert testimony concerning scientific, technical, or other specialized knowledge. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Masters v. Hesston Corp.*, 291 F.3d 985, 991 (7th Cir. 2002). In evaluating the admissibility of evidence under Rule 702, a court must determine whether (1) the proposed witness would testify to valid specialized knowledge and (2) the expert's testimony will assist the trier of fact. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151-52 (1999); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 816 (7th Cir. 2004). The first prong of this test requires the court to determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusions is reliable. *See Daubert*, 509 U.S. at 592; *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). This calls upon the trial court to assess whether the proffered testimony is both relevant and reliable. *See Kumho Tire*, 526 U.S. at 152; *Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007).

In assessing an expert's methodology, a court should consider: (1) whether the proffered conclusion lends itself to verification by the scientific method through testing; (2) whether it has been subjected to peer review; (3) whether it has been evaluated in light of the potential rate of error of the scientific technique; and (4) whether it is consistent with the generally accepted method for gathering the relevant scientific evidence. *See Cummins v. Lyle Indus.*, 93 F.3d 362, 368 (7th Cir. 1996) (citing *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 344 (7th Cir. 1995)). However, these factors may not always be pertinent in assessing the reliability of expert testimony, for the *Daubert* inquiry is a flexible one, and an expert's testimony need not satisfy each of the factors to be admissible. *See Daubert*, 509 U.S. at 592-94; *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). Finally, it perhaps is worth noting the critical distinction between a jury trial and a bench trial with respect to the Rule 702 inquiry:

> Where the gatekeeper and the factfinder are one and the same – that is, the judge – the need to make [evidentiary] decisions prior to hearing the testimony is lessened. That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

*In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) (citation omitted). Here, although this case will be bench-tried, the Court believes it is proper to address Goodyear's *Daubert* challenge to certain opinions proffered by Derian before trial, to ensure that valuable trial time is not taken up with resolving threshold challenges to the admissibility of expert testimony. Accordingly, with the foregoing standard in mind, the Court turns to the matter of Goodyear's *Daubert* motion with respect to Derian's opinions about a design defect and a possible failure to warn.

The Court turns first to the issue of the admissibility of Derian's opinions regarding a design defect in the Goodyear tire at issue in this case. Goodyear challenges those opinions as lacking an adequate foundation. Hitherto the Court has deferred ruling on this question pending resolution of a dispute concerning a subpoena directed by Mrs. Green to the Harley-Davidson Motor Company ("Harley-Davidson") that apparently is ongoing in another federal court. However, trial in this case is set to begin on Monday, March 8, 2010, and therefore the Court is obliged to rule on Goodyear's motion. The Court agrees with Goodyear that Derian's opinions about a design defect in the Goodyear tire at issue in this case based on certain design changes in Harley-Davidson motorcycles lack an adequate foundation. The motorcycle on which Mrs. Green was riding at the time of the accident giving rise to this case was a 2003 Harley-Davidson Ultra-Glide Classic. It appears that in 2004 Harley-Davidson introduced some design changes to its touring motorcycles, including a larger rear tire with deeper tread. Derian opines that Harley-Davidson did so because Goodyear had alerted the motorcycle manufacturer to problems with overloading of the rear tires on preceding Harley-Davidson models, such as the Harley-Davidson motorcycle owned by Michael Green.

The problem with Derian's opinion concerning design changes in Harley-Davidson motorcycles is that it has no obvious foundation, apart from vague allusions to Derian's (admittedly extensive) experience working in the tire industry, on the basis of which experience Derian is aware that manufacturers of tires generally work closely with manufacturers of vehicles that use those tires. Naturally, in evaluating the admissibility of expert testimony, "[i]t is critical under Rule 702 that there be a link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support." *United States v. Mamah*, 332 F.3d

475, 478 (7th Cir. 2003). Moreover, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Thus, an expert "who invokes 'my expertise' rather than analytic strategies widely used by specialists is not an expert as Rule 702 defines that term." *Zenith Elec. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005). Here, where Derian can produce no foundation other than his expertise for his opinion that changes in Harley-Davidson touring motorcycles were implemented due to a design defect in the rear tires of earlier models of which Goodyear and Harley-Davidson were aware, the Court concludes that Derian's opinion is not admissible under Rule 702.

For much the same reason the Court concludes that Derian's opinion about a design defect in the Goodyear tire at issue in this case based on design changes in Harley-Davidson touring motorcycles is not admissible in evidence, the Court also finds inadmissible Derian's opinion regarding the adequacy of warnings about tire overloading contained in the instruction manual that accompanied Mr. Green's motorcycle. According to Derian, the warnings contained in the owner's manual that accompanied Michael Green's motorcycle failed adequately to advise users of the motorcycle about tire loads. It is unclear to the Court what relevance such an opinion could have to this case, given that, as noted, Mr. and Mrs. Green's claims in this case involve an alleged manufacturing defect and design defect in the Goodyear tire with which Mr. Green's motorcycle was equipped at the time of the accident giving rise to this case, not a failure to warn. Furthermore, as Goodyear points out, Derian cannot point to any evidence (apart from, again, his expertise) in support of his opinion that Goodyear was involved in designing the warnings contained in the owner's manual that accompanied Mr. Green's motorcycle. In the absence of a proper foundation,

Derian's opinion regarding the warnings that accompanied Mr. Green's motorcycle is not admissible in evidence.

It should be noted that this Order does not foreclose Mr. and Mrs. Green from presenting certain other evidence in support of their claim of a design defect in the Goodyear tire at issue in this case. For example, the deposition of Goodyear's corporate representative Ian Willetts shows the existence of a close business relationship between Goodyear and Harley-Davidson, and this might be adduced as some evidence that design changes in post-2003 Harley-Davidson touring motorcycles were instigated by Goodyear in response to a known design defect in the Goodyear tires with which earlier Harley-Davidson models were equipped. Also, Derian may offer an opinion about a design defect based on other accidents involving Goodyear tires, provided such an opinion is based upon evidence of a kind upon which other tire experts reasonably would rely. Finally, it could be the case that at trial Mr. and Mrs. Green's counsel may be able to produce evidence other than Derian's expertise in support of the opinions challenged in the instant motion. However, on the state of the record, the Court finds that Goodyear's motion to exclude Derian's testimony is well taken and the motion will be granted.

### III. CONCLUSION

Goodyear's motion to exclude certain testimony of Gary Derian for lack of foundation (Doc. 94) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: March 5, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge