IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARLA GREEN and MICHAEL GREEN, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL NO. 08-472-GPM ) |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | ) ) ) |
| Defendant/Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| MICHAEL GREEN, | ) ) |
| Counterclaim Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion brought by Plaintiff Darla Green to strike certain errata sheet changes to the deposition transcript of Ian Willetts, a corporate representative of Defendant/Counterclaim Plaintiff Goodyear Dunlop Tires North America, Ltd. ("Goodyear") (Doc. 112). On November 18, 2009, Mr. Willetts, a senior technical manager at Goodyear's plant in Buffalo, New York, sat for a deposition as Goodyear's corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. On January 6, 2010, counsel for Mrs. Green and her husband, Plaintiff/Counterclaim Defendant Michael Green, received from Goodyear's counsel thirteen pages of errata sheets making seventy-four changes to Mr. Willetts's deposition testimony. Mrs. Green's counsel has moved to strike sixty-three of the errata sheet changes as making impermissible substantive changes to Mr. Willetts's testimony to correct deficiencies in the original testimony arising from Mr. Willetts's inadequate preparation for his Rule 30(b)(6) deposition.

On March 9, 2010, the Court conducted an evidentiary hearing on Mrs. Green's motion to strike the errata sheet changes to Mr. Willetts's deposition transcript; Mr. Willetts testified in person at the hearing first in the morning and then again later in the afternoon. The Court heard approximately an hour of testimony by Mr. Willetts. Mr. Willetts testified that, after reviewing the transcript of his deposition, he was concerned about the incompleteness of certain of his answers. He conceded that he had not been adequately prepared for his Rule 30(b)(6) deposition, but pointed out more than once that the deposition was his first and insisted that he had done his best to prepare for the deposition. Mr. Willetts testified that during his review of his deposition transcript he prepared approximately four pages of handwritten notes concerning inadequacies that he perceived in his testimony and relayed his notes to Goodyear's attorneys. Mr. Willetts testified that he communicated with Goodyear's attorneys concerning the inadequacies in his deposition testimony by telephone and at an in-person conference in Akron, Ohio, and that in response to Mr. Willetts's concerns about his deposition testimony Goodyear's counsel prepared the errata sheets challenged by the instant motion.

Depositions in federal court are governed, of course, by Rule 30 of the Federal Rules of Civil Procedure, which provides in relevant part:

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e). Rule 30(e) allows changes in form and substance to a deposition transcript and thus permits a party to change a deposition from what he or she said to what he or she meant, although the rule requires that the original transcript be retained so that the trier of fact can evaluate the honesty

of the alteration.  *See Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000). However, "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" *Id*. It is apparent to the Court from Mr. Willetts's testimony at the evidentiary hearing on Mrs. Green's motion that his testimony during his Rule 30(b)(6) deposition was inadequate and incomplete, and that the errata sheet changes to Mr. Willetts's deposition transcript were an attempt by him, following extensive post-deposition consultation with Goodyear's attorneys, to remedy substantive defects in the deposition testimony using errata sheet changes to the transcript.  The Court will not allow this.  A party may not "'undo' the testimony of its 30(b)(6) witnesses" by using errata sheet changes to a deposition transcript "to impermissibly change the factual testimony offered during [a] deposition, a tactic which has been rejected by the Federal courts." *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, No. 1:02-cv-1014-LJM-VSS, 2006 WL 2644935, at *3 (S.D. Ind. Sept. 14, 2006) (citing *Eckert v. Kemper Fin. Servs., Inc*., No. 95 C 6831, 1998 WL 699656 (N.D. Ill. Sept. 30, 1998)).  Quite simply, "a deposition is not a take home examination." *Thorn*, 207 F.3d at 388.  *See also Lugtig v. Thomas*, 89 F.R.D. 639, 641-42 (N.D. Ill. 1981) (changes in deposition testimony that conflict with the deponent's original testimony may be used as impeachment evidence).

It is apparent to the Court from Mr. Willetts's testimony that Mr. Willetts was inadequately prepared for his Rule 30(b)(6) deposition and, consequently, attempted to change his deposition answers by way of errata sheets.  It further appears to the Court based on the examination of Mr. Willetts conducted before the undersigned District Judge that Mr. Willetts in conjunction with other Goodyear employees and Goodyear's attorneys embarked on a lengthy and involved project to cure the defects in his Rule 30(b)(6) testimony through the device of extensive errata sheet changes to Mr. Willetts's testimony.  For the reasons that were aired fully on the record, the Court concludes that the appropriate

sanction is to strike Goodyear's errata sheet changes to Mr. Willetts's deposition and to bar Mr. Willetts from testifying in this case as a witness for Goodyear. Accordingly, Mrs. Green's motion (Doc. 112), as amended orally during the evidentiary hearing thereon conducted by the Court, is **GRANTED**, and Mr. Willetts is barred from testifying as a witness in this case on behalf of Goodyear.

**IT IS SO ORDERED.**

DATED: March 9, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge